RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2781-14T2

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

MARK T. DEBIASSE,

 Defendant-Appellant.
___________________________

 Submitted November 16, 2016 – Decided February 24, 2017

 Before Judges Fuentes and Simonelli.

 On appeal from the Superior Court of New
 Jersey, Law Division, Morris County,
 Indictment No. 10-05-0518.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Joshua D. Sanders, Assistant
 Deputy Public Defender, of counsel and on the
 brief).

 Fredric M. Knapp, Morris County Prosecutor,
 attorney for respondent (Paula Jordao,
 Assistant Prosecutor, on the brief).

PER CURIAM

 A Morris County grand jury indicted defendant Mark T. DeBiasse

on one count of fourth degree failing to register as a convicted
sex offender as required by N.J.S.A. 2C:7-2e, commonly known as

"Megan's Law." Thereafter, defendant moved before the vicinage's

Assignment Judge to dismiss the indictment pursuant to N.J.S.A.

2C:2-11, characterizing his alleged failure to register as a de

minimis infraction. Defendant characterized his noncompliance as

practically inconsequential because he was wearing a global

positioning satellite (GPS) leg-bracelet during the relevant time

period.

 After considering the arguments of counsel, the Honorable

Thomas L. Weisenbeck, A.J.S.C., denied defendant's motion. In a

statement of reasons attached to the order denying the motion,

Judge Weisenbeck concluded "defendant's failure to register is the

very type of conduct that the statute was designed to address."

 After defendant waived his right to a jury trial, the matter

was tried as a bench trial before Judge Mary Gibbons Whipple on

April 7, 2014. The State called Borough of Madison Police

Detective Edward Mitchko as its only witness. Mitchko first

testified about defendant's criminal history by relying on the

judgments of conviction. On May 23, 1996, defendant was convicted

of second degree endangering the welfare of a child, N.J.S.A.

2C:24-4a. On November 1, 1996, the trial court sentenced defendant

for this offense. As a part of this sentence, the court placed

defendant on community supervision for life, pursuant to N.J.S.A.

 2 A-2781-14T2
2C:43-6.4, and ordered defendant to register as a convicted sex

offender under N.J.S.A. 2C:7-2.

 Detective Mitchko testified that on March 4, 2009, defendant

reported to the Madison Borough Police Station to comply with his

yearly obligation to register as a convicted sex offender under

N.J.S.A. 2C:7-2. Mitchko made clear this was not the first time

defendant had registered as a sex offender with the Madison Borough

Police Department. Mitchko testified he witnessed defendant

complete and sign the Morris County Prosecutor's Office Sexual

Offender registration form on March 4, 2009.1 Mitchko testified

that he reads "to each registrant . . . their duty to verify their

address. If they move[,] to notify us. If they move out-of-

state[,] to notify us and the town that they're moving to." The

form also apprised defendant that the next registration date was

March 4, 2010.

 Mitchko testified defendant did not report to the Madison

Borough Police Department on March 4, 2010 to re-register as a sex

offender. Mitchko also spoke to other detectives in the Department

to determine whether defendant had attempted to contact them to

1
 Although not a part of the record before us, it is not disputed
that defendant also completed and signed an acknowledgement of
duty to register, re-register, and verify address form on that
same day. According to the State, this document was admitted into
evidence by Judge Gibbons Whipple.

 3 A-2781-14T2
explain his failure to appear. According to Mitchko, there are

no records indicating defendant contacted the Madison Borough

Police Department on March 4, 2010. After waiting a few days as

instructed, on March 10, 2010, Mitchko contacted the Morris County

Prosecutor's Office to obtain authorization for the issuance of a

warrant for defendant's arrest for committing the fourth degree

offense of failing to register as required under N.J.S.A. 2C:7-2.

 Based on this evidence, Judge Gibbons Whipple found defendant

guilty of "knowingly fail[ing] to register as a sex offender as

required by law." The Judge noted that defense counsel "conceded

during opening statements that Mr. DeBiasse was required to

register and failed to do so[,] but argues that the State has not

proven the requisite culpability to establish that the failure was

knowing." In rejecting this argument, Judge Gibbons Whipple found

"[t]he State established through the testimony of Detective

Mitchko as well . . . as through [documentary exhibits admitted

into evidence] that Mr. DeBiasse knew of his obligation to

register."

 Defendant argued, however, that the State was required to

prove more than defendant was "aware in March 2009 that he had to

report in 2010." As Judge Gibbons Whipple framed it, defendant

argued that "the State is required to prove his non-registration

 4 A-2781-14T2
in 2010 was knowing." Once again, the judge found this argument

was not supported by the record.

 There's no question here that the defendant
 had actual knowledge of the duty to register
 and that he failed to timely comply. Thus
 this was not conduct wholly passive but
 conduct which amounted to failure to act under
 circumstances that should alert the doer [to]
 the consequences of his deeds.

 On October 31, 2014, defendant appeared before a different

judge to be sentenced. By that time, defendant had been detained

on this charge for 921 days. The court sentenced defendant to

time served, ordered him to submit to DNA testing, and imposed the

mandatory fines and penalties.

 Defendant now appeals raising the following argument.

 POINT ONE

 SIMPLY BEING ADVISED OF A RESPONSIBILITY TO
 RE-REGISTER, AND NOT RE-REGISTERING ON THE
 SPECIFIED DATE, DOES NOT ESTABLISH THAT THE
 CONDUCT WAS KNOWING AS REQUIRED UNDER N.J.S.A.
 2C:7-2e ESTABLISHING THAT THE TRIAL COURT
 IMPROPERLY APPLIED A DE FACTO STRICT LIABILITY
 STANDARD IN THIS MATTER.

 We reject this argument and affirm substantially for the

reasons expressed by Judge Gibbons Whipple. We add only the

following brief comments. N.J.S.A. 2C:7-2e provides, in pertinent

part: "A person required to register . . . shall verify his address

annually in a manner prescribed by the Attorney General." The

State acknowledges it is obligated to prove beyond a reasonable

 5 A-2781-14T2
doubt that defendant, "knowing" he is required by law to register

as a sex offender, "knowingly failed to do so."

 A person acts knowingly with respect to the
 nature of his conduct or the attendant
 circumstances if he is aware that his conduct
 is of that nature, or that such circumstances
 exist, or he is aware of a high probability
 of their existence. A person acts knowingly
 with respect to a result of his conduct if he
 is aware that it is practically certain that
 his conduct will cause such a result.
 "Knowing," "with knowledge" or equivalent
 terms have the same meaning.

 [N.J.S.A. 2C:2-2b(2).]

 As an appellate court, we afford substantial deference to the

trial judge's factual findings made while sitting as the trier of

fact in a bench trial. State v. Hinton, 216 N.J. 211, 228 (2013).

We are bound to uphold those findings as long as they are supported

by sufficient credible evidence in the record. State v. Handy,

206 N.J. 39, 44 (2011). "However, a reviewing court owes no

deference to the trial court's determinations as to matters of

law, and those determinations are reviewed de novo." State v.

Coles, 218 N.J. 322, 342 (2014).

 Judge Gibbons Whipple's factual findings are well-supported

by the record developed at trial and we are thus bound by them.

 6 A-2781-14T2
After reviewing her legal analysis and conclusions de novo, we are

in complete agreement with her interpretation of N.J.S.A. 2C:7-

2e.

 Affirmed.

 7 A-2781-14T2